Granger, C. J.
We concur with the supreme court in Secor v. Witter, 39 Ohio St., 218, and think that so far as concerns the question of jurisdiction, here made, Smetters v. Rainey, 14 Ohio St., 287, is not sound. Gould and Green were so united in interest that service of a summons upon one prevented the running of the statute as to the other. Had the district court been informed of the defect of parties, Gould could and should have been brought in before the judgment of reversal was rendered. See Buckingham v. The Bank, 21 Ohio St., 131. As was held in that case, to reverse the judgment below before Gould was broijght in, was error. But the present plaintiff in error cannot here avail himself of that error because he made no objection in the district court based upon the defect of parties. His silence there leaves it optional with this court to listen, or not, to such an objection by him here. No consideration on behalf of the bank calls /or a relaxation of the rule. As it affirmatively appears that *439 Gould made no claim in the common pleas that Green ought to pay any part of the sum for which that court rendered the judgment, we see no reason for interfering with the judgment of the district court for his protection. If such interference were called for (as it would be if his rights were- in danger) we would reverse the judgment of that court and remand the case to it, so that Gould could be there made a party and judgment properly entered upon Green’s petition in error to that court.
As the case stands we proceed to consider its merits as between Green and the bank. After the dissolution of the firms, Gould had no authority to sign the firm name except “in settlement ” of firm business. Whatever question might exist as to his right, under the agreement of dissolution, to renew an overdue firm note, it is clear that he had no authority to sign the firm name to the notes dated May 19, 1873, and February 2,1874, because they included moneys loaned to him individually. The bank well knew that such moneys were included. Legally, therefore, said notes were the notes of Gould only. We think that the real question at the trial was “ Did the bank agree to take Gould’s notes as payment of the firm notes?” Did it agree to release Green in consideration of Gould’s notes? It is well settled that the surrender of the right to pay the debt, and thereby stop interest, is a sufficient consideration to support such a contract for a release. The discount for the four months, on one note, and the ninety days on the other, was a sufficient consideration... Counsel for the bank do not claim that the law is otherwise.
How can such an agreement be proved ? Precisely as any other agreement, or contract, not regulated or affected by statute. By proof of express stipulations, oral or written, or by proof of such facts, circumstances, acts, conduct, &c., as satisfy the mind that the parties so understood or agreed. We see no reason why such an agreement cannot be implied from such facts, circumstances, acts and conduct as would suffice to establish any other agreement or contract, in the absence of statutory provisions affecting the mode of exe *440 cution or proof. From the nature'of the alleged agreement, the absence of express words touching payment and release ought .to weigh against its existence; and therefore the acts and circumstances relied. upon to establish such an agreement should be such as were clearly inconsistent with its non-existence; they must be so controlling as to justify the belief that at the time of the transaction the parties understood and intended that Green was released, and that the old notes were paid. Counsel upon both sides have cited numerous cases bearing upon this question. Without quoting from them we content ourselves with the statement that the decided weight of authority both in Ohio, and outside of it, is in accord with the view we have outlined.
In the charge the court said: “In answer to this last question you will look to the evidence’ and say whether the notes given as renewals hy defendant Gould after the dissolution of the partnership — was payment. The fact that other notes were given of a similar kind, the original notes or evidences of indebtedness given up and stamped as paid are not proof in and of itself of payment. It should affirmatively clearly appear from the evidence that such new notes were taken and accepted by the plaintiff as payment of the original obligation; if you find it did not receive the same as payment, the plaintiff is not estopped by reason thereof from maintaining this suit.” And also said, “ On the question of payment you may look to all the evidence in this case touching or reflecting upon tliis issue of payment including the conduct of the parties at the time when it was claimed payment was made, and subsequent thereto what was said and done at the time the renewal notes were made; if it is claimed that they were taken by the plaintiff of defendant Gould as payment of the notes set up in the petition, did the plaintiff by agreement with the defendants or either of them give up the notes sued upon in this action as paid and satisfied, and take the renewal notes in payment and satisfaction thereof; if it did, then the plaintiff cannot recover in this action.” •
*441 After the charge had been read, Green asked the court to add the instruction quoted in our statement of facts. Taken by itself that instruction did not correctly state the law. It omitted the essential fact of an agreement; the understanding and intent of both parties — Gould and the bank. But, when added to the charge already given, the instruction asked for was good law. An intelligent lawyer might understand the charge as given, as meaning precisely what it would have meant after adding the instruction asked for. But even he might be misled by the refusal of the court to add the instruction, if the refusal were not accompanied by a statement that the charge as given substantially included the request. This request applied to the vital point of the case. • Upon it the charge ought to have been clear and explicit. It is fair to presume, upon the evidence presented in the bill of exceptions, that the main argument by Green’s counsel before the jury had been that an implied agreement was proved' by that •evidence. The unqualified and unexplained refusal by the court to say that the acceptance by and understanding of the bank, to which it had referred in the charge, in the absence of an express agreement, could be established by acts and conduct of the parties, was so likely to mislead the jury, that we think the district court Aid not err in holding it error sufficient to justify a reversal of the judgment of the common pleas.

Judgment affirmed.